**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

LUIS CASTRO,

                         **Plaintiff,**

   vs.                                              9:12-CV-01250
                                                          (MAD/DEP)

**WAYNE HEATH,** *Superintendent, Green
Correctional Facility*, **and JANE DOE,** *Nurse,
Greene Correctional Facility*,

                        **Defendants.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**LUIS CASTRO**
**09-A-1553**
Wallkill Correctional Facility
Box G
Wallkill, New York 12589
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**       **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On August 6, 2012, *pro se* Plaintiff Luis Castro commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights under the United States Constitution. Plaintiff's complaint alleges that Defendants failed to provide him with proper treatment for an ear infection while he was an inmate in the custody of the Department of Corrections and Community Supervision ("DOCCS").

      Two motions are currently pending before the court. First, Defendant Heath's motion for

summary judgment dismissing Plaintiff's claims due to Plaintiff's alleged failure to exhaust available administrative remedies, and on the merits. Second, Plaintiff motion seeking leave to file an amended complaint.

In an August 1, 2013 Report and Recommendation, Magistrate Judge Peebles recommended that both motions be granted and denied in part, and that Plaintiff's amended complaint be accepted for filing only to the extent it asserts an Eight Amendment deliberate medical indifference claim against the named defendants. Specifically, Magistrate Judge Peebles recommended that the Court deny Defendant's motion for summary judgment without prejudice to renew on exhaustion grounds because a genuine dispute of material fact exists as to whether Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 29 at 12-13. Next, Magistrate Judge Peebles found that, at the pleading stage, Plaintiff sufficiently alleged Defendant Health's personal involvement in the alleged unconstitutional conduct. *See id.* at 15-16. Magistrate Judge Peebles next recommended that the Court dismiss Plaintiff's negligence claim, since it is not actionable in a section 1983 suit. *See id.* at 16. As to Plaintiff's retaliation claim, the recommendation found that Plaintiff's conclusory allegations that "medical personnel" denied him treatment "due to 'Complaints' he made against [them]" was insufficient to state a claim upon which relief may be granted. *See id.* at 21-22. Finally, Magistrate Judge Peebles found that Plaintiff's deliberate indifference claims, liberally construed, are sufficient to survive Defendant's motion and that Defendant failed to submit any evidence demonstrating that he is entitled to qualified immunity. *See id.* at 24-28.

Regarding Plaintiff's motion for leave to amend, Magistrate Judge Peebles noted that Plaintiff's proposed amended complaint sets forth substantially the same allegations as his original complaint, except that it adds names of two new Defendants, Dr. Caulfield and Nurse

2

Albright, and removes Defendant Jane Doe. *See id.* at 28. Upon review of the proposed amended complaint, Magistrate Judge Peebles recommended that the Court find that (1) it fails to allege sufficient facts plausibly suggesting a retaliation claim against any of the named Defendants; (2) the negligence claim is still not actionable in a section 1983 action; and (3) Plaintiff's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment. *See id.* at 31. Finally, Magistrate Judge Peebles recommended that the Court accept the proposed amended complaint for filing only as it relates to Plaintiff's Eighth Amendment deliberate medical indifference claim, asserted against Defendants Caufield, Albright, and Heath in their individual capacities. *See id.* Neither Party objected to Magistrate Judge Peebles' August 1, 2013 Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial

3

review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the August 1, 2013 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should grant in part and deny in part both Defendant's motion seeking dismissal of all claims and Plaintiff's motion for leave to amend. Magistrate Judge Peebles correctly determined that questions of fact preclude the Court from granting Defendant's as to whether Plaintiff exhausted his administated remedies. Moreover, given then special solicitude afforded to *pro se* litigants, the recommendation also correctly found that Plaintiff sufficiently pleaded a plausible Eighth Amendment deliberate indifference claim. Finally, Magistrate Judge Peebles correctly determined that Plaintiff's motion for leave to amend should only be granted as to his deliberate indifference claims against Defendants Caufield, Albright, and Heath in their individual capacities. The remaining claims in the proposed amended complaint would not withstand a motion to dismiss and, therefore, are properly rejected as futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 1, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 13) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's claims of retaliation, negligence, and his damage claims against Defendant Heath in his official capacity are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's motion for leave to amend (Dkt. No. 17) is **GRANTED in part and DENIED in part**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 23, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff's proposed amended complaint is only accepted for filing to the extent that it asserts an Eighth Amendment deliberate medical indifference claim against Defendants Heath, Albright, and Caulfield in their individual capacities.