**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

LUIS CASTRO,

                        **Plaintiff,**

    vs.                                                   9:12-CV-01250
                                                            (MAD/DEP)

**WAYNE HEATH,** *Superintendent, Green
Correctional Facility***; JANE DOE,** *Nurse,
Greene Correctional Facility***; DR. CAULFIELD,**
*Greene Correctional Facility***; and NURSE
ALBRIGHT,** *Greene Correctional Facility*,

                        **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**LUIS CASTRO
09-A-1553**
Wallkill Correctional Facility
Box G
Wallkill, New York 12589
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On August 6, 2012, *pro se* Plaintiff Luis Castro commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights under the United States Constitution. Plaintiff's complaint, as amended, alleges that Defendants failed to provide him with proper treatment for an ear infection while he was an inmate in the custody of the Department of Corrections and Community Supervision ("DOCCS").

On June 20, 2014, following the close of discovery, Defendants moved for summary judgment dismissing Plaintiff's complaint. *See* Dkt. No. 50. In their motion, Defendants argue both that Plaintiff's claims are procedurally barred based upon his failure to exhaust available administrative remedies and that his deliberate medical indifference cause of action, the only remaining claim, lacks merit. *See* Dkt. No. 50-22. In response to Defendants' motion, Plaintiff filed a single paragraph submission, reiterating his claim that Defendants did not properly care for his ear condition, causing him to lose hearing in his right ear. *See* Dkt. No. 53.

In a February 10, 2015, Report and Recommendation, Magistrate Judge Peebles found that, while Plaintiff initially took steps to comply with the requirement that he lodge a grievance with prison officials and pursue it to completion before commencing this action, he filed his action prematurely. *See* Dkt. No. 54 at 15. The report noted that Plaintiff commenced this suit before even receiving an initial determination from the IGRC with respect to his grievance; and, therefore, without first having appealed the adverse determination to the Superintendent at Greene Correctional Facility ("Greene C.F.") and onto CORC. *See id.* In light of this failure, Magistrate Judge Peebles found that Plaintiff is now precluded from maintaining this action and, therefore, recommended granting Defendants' motion for summary judgment. *See id.* Neither party objected to the Report and Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a

2

motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v.*

3

*Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, Plaintiff filed a grievance concerning his medical care with the Inmate Grievance Program ("IGP"), which is dated July 19, 2012. Dkt. No. 50-9 at 3; Dkt. No. 50-10 at 2. On July 23, 2012, the IGP supervisor acknowledged receipt of the grievance, advising Plaintiff that a formal investigation would be conducted, followed by a formal hearing by the IGRC, and informing him that, if he disagrees with the IGRC's decision, he could appeal it to the facility superintendent and thereafter to the CORC. *See* Dkt. No. 50-10 at 9. On August 7, 2012, the IGRC issued a determination on Plaintiff's grievance. *See id.* at 3. Plaintiff's complaint in this matter is dated July 28, 2012, and was received by the Court on August 6, 2012. *See* Dkt. No. 1. Accordingly, Plaintiff failed to fully exhaust his administrative remedies prior to commencing this action.

Additionally, the Court notes that, at his deposition, Plaintiff testified that he sent copies of his grievance to the CORC on or about August 7, 2012. Dkt. No. 50-18 at 32-33. Defendants,

4

however, have submitted evidence indicating that Plaintiff did not file any correspondence, including any appeals of any grievances, with either Defendant Heath or the CORC. *See* Dkt. No. 50-9 at 3; Dkt. No. 50-13 at 3; Dkt. No. 50-15 at 1-2; Dkt. No. 16 at 1-2. Even assuming Plaintiff did sent his grievance to the CORC, he still would have failed to exhaust his remedies because he was first required to appeal the decision of the IGRC to the Superintendent of Greene C.F. *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175-76 (2d Cir. 2006) ("The PLRA requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)'") (emphasis in original). Accordingly, the Court finds that the evidence clearly establishes that Plaintiff failed to exhaust his administrative remedies.

Finally, the Court also finds that Magistrate Judge Peebles correctly determined that Plaintiff failed to set forth any evidence establishing a basis for excusing the exhaustion requirement. *See* Dkt. No. 54 at 14.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles' February 10, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 50) is **GRANTED** and Plaintiff's amended complaint is **DISMISSED** in its entirety for failure to exhaust administrative remedies**;** and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 10, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge